# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Mahmoud A. Benstone,<br>Plaintiff, | )<br>)<br>) |
| v. | )    1:10cv313 (JCC/JFA) |
| Roy W. Cherry,<br>Defendant. | )<br>)<br>) |

FILED DEC 22 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Mahmoud A. Benstone, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that his rights were violated when he contracted tuberculosis while incarcerated at Hampton Roads Regional Jail. The defendant Roy W. Cherry, through counsel, filed a Motion for Summary Judgment on June 25, 2010, arguing that Benstone had failed to exhaust his administrative remedies and that the complaint failed to state a claim. Benstone was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, defendant's Motion for Summary Judgment will be granted.

## I. Background

The following material facts are undisputed. Benstone arrived at Hampton Roads Regional Jail (HRRJ) in 2008. When he was medically screened for tuberculosis shortly thereafter on February 22, 2008, he tested negative. See Compl. 4, ECF No. 1; Def.'s Mem. Ex. A. 1, ECF No. 13-1. Benstone was re-tested for tuberculosis in January 2009 as part of an annual check-up. See Compl. 4, ECF No. 1; Def.'s Mem. Ex. A. 4, ECF No. 13-1. Benstone had noticed swelling in his left arm, and he was informed that he had been infected with tubercolisis. See Compl. 4-5, ECF No.

1; Def.'s Mem. 2, ECF No. 13-1. Benstone's tuberculosis was treated, allegedly in response to a grievance that Benstone had filed.

## II. Standard of Review

In reviewing a Motion for Summary Judgment by a defendant, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported . . . [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988). Notably, verified complaints are the equivalent of affidavits, but only when the facts contained therein are based on personal knowledge. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

## III. Analysis

At this juncture, viewing the facts in the light most favorable to Benstone, it is apparent that defendant Cherry is entitled to the summary judgment he seeks. Benstone alleges that Cherry failed to screen inmates at HRRJ for tuberculosis. See Compl. 5, ECF No. 1. However, Cherry has submitted an affidavit from William C. Smith, who was a captain at HRRJ at the time of the facts

giving rise to this complaint and who states that HRRJ has a policy of testing all inmates for tuberculosis unless provided with documentation of a negative test. See Def.'s Mem. Ex. B. 1-2, ECF No. 13-2. Here, Benstone's allegation that other inmates were not screened for tuberculosis is not based on personal knowledge. See Compl. 4, ECF No. 1. Therefore, those allegations are not factually supported and are not sufficient to defeat the Motion for Summary Judgment. See Celotex Corp., 477 U.S. at 323-24 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...").

In the instant complaint, Benstone argues that Cherry is liable for failure to protect Benstone because he did not establish a policy of screening detainees for infectious diseases at HRRJ, which resulted in Benstone's contracting tuberculosis. See Compl. 5, ECF No. 1. Benstone requests money damages and an injunction requiring medical screening of inmates at HRRJ. See id. 6. Because Benstone is now incarcerated at Lunenburg Correctional Center, his request for injunctive relief is moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing that an inmate's prison transfer moots requests for injunctive and declaratory relief, but not requests for money damages). Benstone's request for money damages will continue as a claim that his due process rights have been violated. See Bell v. Wolfish, 441 U.S. 520 (1979) (noting that constitutional claims of pretrial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment).

Cherry argues that Benstone fails to state a claim against Cherry. See Def.'s Mem. 1, ECF No. 13. A plaintiff who accuses the defendant of "failing to attend to a detainee's serious medical needs" or "failing to protect a detainee from a substantial risk of physical harm" must demonstrate "conduct that amounts to deliberate indifference" to support a claim under the Fourteenth Amendment. See Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) ("This standard is the same as that which applies in cases arising under the Eighth Amendment, where prison officials are

accused of deliberate indifference to a substantial risk of serious harm to prison inmates.") (internal quotations omitted). Importantly, a showing of mere negligence will not meet the standard for deliberate indifference. See id. Rather, "[d]eliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Id.

Here, assuming without deciding that the potential of exposure to tuberculosis constituted a substantial risk of harm that Cherry was aware of, Benstone fails to establish that Cherry disregarded that risk. Cherry had made efforts to establish policies to reduce the risk of such exposure by screening inmates for tuberculosis. See Def.'s Mem. Ex. B. 1-2, ECF No. 13-2. Therefore, Cherry's failure to protect Benstone from contracting tuberculosis amounted at worst to negligence, which is not cognizable under § 1983. See Selvey v. City of St. Louis, Nos. 95-3041, 95-3045, 1996 WL 195521, at *2 (8th Cir. 1996) ("First, [plaintiffs] did not contradict defendants' evidence that the jail had a system for screening for tuberculosis... and that defendants' failure to detect and prevent their exposure to [] tuberculosis amounted, at most, to negligence, which is not actionable under 42 U.S.C. § 1983.") (citing Farmer v. Brennan, 114 S.Ct. 1970, 1979-81 (1994) (in a failure-to-protect claim, the inmate must show that officials were subjectively aware of and disregarded a substantial risk of serious harm)); Powell v. Reeves, No. 5:06CV130-MU-02, 2006 WL 2927199, at *1 (W.D.N.C. October 10, 2006) (dismissing a complaint filed under § 1983 when the plaintiff contracted tuberculosis while incarcerated, but it had been successfully treated); Jenkins v. S. C. Dep't. of Corr., No. 0:05-0888-HFF-BM, 2006 WL 1663808, at *10 (D.S.C. May 16, 2006) (same), see also Scott v. Edwards, No. 8:07-2046-MBC, 2008 WL 2856958, at *3 (D.S.C. July 21, 2008) (dismissing a complaint filed under § 1983 when the plaintiff failed to demonstrate that

4

screening procedures for tuberculosis at his place of incarceration were constitutionally inadequate).

Further, even if Benstone had shown that Cherry knew that Benstone had tuberculosis, Benstone has failed to demonstrate that Cherry ignored Benstone's need for medical care. Benstone's tuberculosis was admittedly treated after the officials at HRRJ became aware of his condition. See Compl. 3, ECF No. 1; Def. Mem. 2, ECF No. 13. Therefore, Benstone has failed to establish that Cherry violated Benstone's rights under the Fourteenth Amendment.

## IV. Conclusion

Accordingly, the defendant's Motion for Summary Judgment will be granted. An appropriate Order shall issue.

Entered this 22nd day of December 2010.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge